Filing # 115924997 E-Filed 10/30/2020 03:55:52 PM

IN THE COUNTY COURT OF
THE TWELFTH JUDICIAL
CIRCUIT IN AND FOR
MANATEE COUNTY, FLORIDA
SMALL CLAIMS DIVISION

Case No:

KEN CLARK and ANNE
CLARK,

      Plaintiffs,

v.

TRUEACCORD CORP and
LVNV FUNDING LLC,

      Defendant.
_____/

### PLAINTIFFS' STATEMENT OF CLAIM

COME NOW, Plaintiffs, KEN CLARK and ANNE CLARK ("Mr. and Mrs. Clark or "Plaintiffs"), by and through the undersigned counsel, and hereby sue and file this Statement of Claim against Defendants, TRUEACCORD CORP ("Debt Collector"), and LVNV FUNDING LLC ("Debt Owner") (collectively "Defendants"), and in support thereof state as follows:

#### *Introduction*

1.    This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), by continuing to directly contact Mr. and Mrs. Clark after Defendants received notice that Mr. and Mrs. Clark was represented by counsel with respect to the alleged Debt and had been provided with Mr. and Mrs.

Clark's attorney's name and contact information. Defendants also continued to contact Mr. and Mrs. Clark after they demanded that Defendants stop contacting them, which can all reasonably be expected to harass Mr. and Mrs. Clark.

### *Jurisdiction and Venue*

2.    This is an action for damages that does not exceed Eight Thousand Dollars ($8,000.00), exclusive of interest, costs, and attorney's fees.

3.    Jurisdiction is proper in the State of Florida where the Defendant conducts business in the State of Florida.

4.    Jurisdiction of this Court also arises where Defendant's tortious activity under the FCCPA occurred in the State of Florida.

5.    Venue is proper in Manatee County, Florida, where Defendant has physical locations in Manatee County, Florida.

6.    Venue is proper in Manatee County, Florida, where this tortious cause of action accrued in Manatee County.

7.    Venue is also proper in Manatee County, Florida pursuant to Fla. Stat. § 559.77 (1) as a substantial part of the events or omissions giving rise to the claims occurred in this County.

### *Parties*

8.    Plaintiffs, Mr. and Mrs. Clark, are each a natural person and, at all times material hereto, are each an adult, are residents of Manatee County, Florida.

9.    At all times material hereto, Debt Collector was and is a corporation with its principle place of business in the State of KS and its registered agent, Incorp Services, Inc., located at 17888 67th Ct N, Loxahatchee, Fl 33470.

10.    Further, at all times material hereto, Debt Collector is a "Debt Collector" as defined and 15 U.S.C. § 1692a (6).

11.    At all times material hereto, Debt Owner was and is a corporation with its principal place of business in the state of NV, and its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

12.    Further, at all times material hereto, Debt Owner is a "Debt Collector" as defined and 15 U.S.C. § 1692a (6).

13.    At all times material hereto, Debt Collector was performing debt collection owed to Debt Owner to satisfy Mr. and Mrs. Clark's alleged debt.

14.    At all times material hereto, Debt Collector was acting within the scope of an employee, representative, or agent on behalf of Debt Owner for purposes of collecting Mr. and Mrs. Clark's alleged debt for Debt Owner.

15.    As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

16.    Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Mr. and Mrs. Clark's information.

17.    Under information and belief, Debt Owner allowed Debt Collector to enter Mr. and Mrs. Clark's information into Debt Owner's sales or customer systems.

18.     Under information and belief, Debt Owner gave Debt Collector authority to use the principal's trade name, trademark, or service mark.

19.     Under information and belief, Debt Owner approved, wrote, or reviewed a form template letter or e-mail for Debt Collector to use when communicating with Mr. and Mrs. Clark.

20.     Under information and belief, Debt Owner had actual knowledge of Debt Collector's FDCPA violations and Debt Owner failed to stop such violations by Debt Collector.

21.     Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collector's actions in attempting to collect Mr. and Mrs. Clark's debt on behalf of Debt Owner.

### *Statements of Fact*

22.     Mr. and Mrs. Clark opened a personal credit card account ("Account") with Credit One Bank, N.A.

23.     Sometime thereafter, Mr. and Mrs. Clark encountered financial difficulties and fell behind on her payments towards the Account and incurred an outstanding balance owed thereunder ("Debt").

24.     On or around September 28,2019, Mr. and Mrs. Clark notified Credit One Bank, N.A. that they were represented by counsel, provided their attorney's name and contact information, and demanded Credit One Bank, N.A. stop contacting them.

25.     On or around October 9, 2020, the Account was sold, assigned, or transferred to Debt Owner for collection purposes.

26.     Under information and belief, Credit One Bank, N.A. notified Debt Owner that Mr. and Mrs. Clark were represented by an attorney with respect to the Debt.

27.     Under information and belief, Credit One Bank, N.A. provided Debt Owner with Mr. and Mrs. Clark's attorney's name and contact information.

28.     Debt Owner then assigned the Account to Debt Collector for debt collection purposes.

29.     Under information and belief, Debt Owner notified Debt Collector that Mr. and Mrs. Clark were represented by an attorney with respect to the Debt.

30.     Under information and belief, Debt Owner provided Debt Collector with Mr. and Mrs. Clark's attorney's name and contact information.

31.     In October of 2020, despite Debt Collector having actual knowledge that Mr. and Mrs. Clark were represented by counsel, Debt Collector began sending collection e-mails to Mr. and Mrs. Clark in attempts to collect the Debt.

32.     For example, on October 14, 2020, Debt Collector sent a collection e-mail to Mr. and Mrs. Clark's e-mail address in attempts to collect the Debt on behalf of Debt Owner ("Collection E-mail 1"). *See* **Exhibit A.**

33.     Collection E-mail 1 was sent to Mr. and Mrs. Clark's e-mail address directly, represented an outstanding balance of $909.88, represented that the email was a communication from a debt collector and information collected would be used for that purpose, and offered options to pay that included pay by online portal. *See* **Exhibit A.**

34.     On October 15, 2020, Debt Collector sent a collection e-mail to Mr. and Mrs. Clark's e-mail address in attempts to collect the Debt on behalf of Debt Owner ("Collection E-mail 2"). *See* **Exhibit B.**

35.     Collection E-mail 2 was sent to Mr. and Mrs. Clark's e-mail address directly, represented an outstanding balance of $909.88, represented that the email was a communication from a debt collector and information collected would be used for that purpose, and offered options to pay that included pay by online portal. *See* **Exhibit B.**

36.     On October 18, 2020, Debt Collector sent a collection e-mail to Mr. and Mrs. Clark's e-mail address in attempts to collect the Debt on behalf of Debt Owner ("Collection E-mail 3"). *See* **Exhibit C.**

37.     Collection E-mail 3 was sent to Mr. and Mrs. Clark's e-mail address directly, represented an outstanding balance of $909.88, represented that the email was a communication from a debt collector and information collected would be used for that purpose, and offered options to pay that included pay by online portal. *See* **Exhibit C.**

38.     On October 20, 2020, Debt Collector sent a collection e-mail to Mr. and Mrs. Clark's e-mail address in attempts to collect the Debt on behalf of Debt Owner ("Collection E-mail 4"). *See* **Exhibit D.**

39.     Collection E-mail 4 was sent to Mr. and Mrs. Clark's e-mail address directly, represented an outstanding balance of $909.88, represented that the email was a communication from a debt collector and information collected would be used for that purpose, and offered options to pay that included pay by online portal. *See* **Exhibit D.**

40.     Debt Collector's Collection E-Mail 1, Collection E-Mail 2, Collection E-Mail 3, and Collection E-Mail 4 (collectively "Collection E-Mails") to Mr. and Mrs. Clark were sent in an attempt to collect the alleged Debt.

### Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA") (as against Debt Collector)

41.     Mr. and Mrs. Clark re-alleges paragraphs 1-40 and incorporates the same herein by reference.

42.     Mr. and Mrs. Clark is a "consumer" within the meaning of the FDCPA.

43.     The subject debt is a "consumer debt" within the meaning of the FDCPA.

44.     Debt Collector is a "debt collector" within the meaning of the FDCPA.

45.     Debt Collector violated the FDCPA. Debt Collector's violations include, but are not limited to, the following:

   a.  Debt Collector violated 15 U.S.C. § 1692c (a)(2) by sending Collection E-Mails directly to Mr. and Mrs. Clark after Debt Collector had actual knowledge that Mr. and Mrs. Clark was represented by counsel and knew of Mr. and Mrs. Clark's attorney's name and contact information.

   b.  Debt Collector violated 15 U.S.C. § 1692c(c) by continuing to send Collection E-Mails to Mr. and Mrs. Clark after they demanded all communication cease in writing via email.

46.     As a result of the above violations of the FDCPA, Mr. and Mrs. Clark have been subjected to illegal collection activities for which they have been damaged.

47.     Debt Collector's actions have damaged Mr. and Mrs. Clark by violating their right to not be directly contacted with respect to the Debt while represented by an attorney.

48.     Debt Collector's actions have damaged Mr. and Mrs. Clark by causing them stress.

49.     Debt Collector's actions have damaged Mr. and Mrs. Clark by being a nuisance and causing them aggravation.

50.     Debt Collector's actions have damaged Mr. and Mrs. Clark by invading their privacy.

51.     It has been necessary for Mr. and Mrs. Clark to retain the undersigned counsel to prosecute the instant action, for which they are obligated to pay reasonable attorney's fees.

52.     All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiffs respectfully request this Court to enter a judgment against Debt Collector as follows on behalf of each Plaintiff:

      a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

      b. Awarding actual damages;

      c. Awarding costs and attorneys' fees;

      d. Ordering an injunction preventing further wrongful contact by the Debt Collector; and

      e. Any other and further relief as this Court deems just and equitable.

## _Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")_
## _(as against Debt Collector)_

53.    Plaintiffs re-allege paragraphs 1-40 and incorporate the same herein by reference.

54.    Debt Collector violated the FCCPA. Debt Collector's violations include, but are not limited to, the following:

    a.    Debt Collector violated Fla. Stat. § 559.72(18) by continuing to send Collection E-Mails directly to Mr. and Mrs. Clark after Debt Collector knew Mr. and Mrs. Clark was represented by an attorney with respect to such Debt and had knowledge of, or could readily ascertain, such attorney's name and address.

55.    As a result of the above violations of the FCCPA, Mr. and Mrs. Clark have been subjected to illegal collection activities for which they has been damaged.

56.    Debt Collector's actions have damaged Mr. and Mrs. Clark by violating their right to not be directly contacted with respect to the Debt while represented by an attorney.

57.    Debt Collector's actions have damaged Mr. and Mrs. Clark by causing them stress.

58.    Debt Collector's actions have damaged Mr. and Mrs. Clark by being a nuisance and causing them aggravation.

59.    Debt Collector's actions have damaged Mr. and Mrs. Clark by invading their privacy.

60. It has been necessary for Mr. and Mrs. Clark to retain the undersigned counsel to prosecute the instant action, for which they are obligated to pay reasonable attorney's fees.

61. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiffs respectfully request this Court to enter a judgment against Debt Collector as follows on behalf of each Plaintiff:

    a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b. Awarding actual damages;

    c. Awarding costs and attorneys' fees;

    d. Ordering an injunction preventing further wrongful contact by the Defendant; and

    a. Any other and further relief as this Court deems just and equitable.

### Count 3: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Owner)

62. Plaintiffs re-allege paragraphs 1-40 and incorporate the same herein by reference.

63. At all times relevant hereto, Debt Owner was directly and vicariously liable for the actions of Debt Collector.

64. Debt Collector violated the FCCPA. Debt Collector's violations include, but are not limited to, the following:

    a. Debt Collector violated Fla. Stat. § 559.72(18) by continuing to send Collection E-Mails directly to Mr. and Mrs. Clark after Debt Collector knew Mr. and Mrs. Clark was

represented by an attorney with respect to such Debt and has knowledge of, or can readily ascertain, such attorney's name and address.

65.    As a result of the above violations of the FCCPA, Mr. and Mrs. Clark have been subjected to illegal collection activities for which they have been damaged.

66.    Debt Owner's actions have damaged Mr. and Mrs. Clark by violating their right to not be directly contacted with respect to the Debt while represented by an attorney.

67.    Debt Owner's actions have damaged Mr. and Mrs. Clark by causing them stress.

68.    Debt Owner's actions have damaged Mr. and Mrs. Clark by being a nuisance and causing them aggravation.

69.    Debt Owner's actions have damaged Mr. and Mrs. Clark by invading them privacy.

70.    It has been necessary for Mr. and Mrs. Clark to retain the undersigned counsel to prosecute the instant action, for which they are obligated to pay reasonable attorney's fees.

71.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiffs respectfully request this Court to enter a judgment against Debt Owner as follows on behalf of each Plaintiff:

    a.   Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b.   Awarding actual damages;

    c.   Awarding costs and attorneys' fees;

d.  Ordering an injunction preventing further wrongful contact by the
    Defendant; and

b.  Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Ken Clark and Anne Clark, demand a trial by jury on all issues so triable.

Respectfully submitted this October 30, 2020,

/s/ Kaelyn Diamond
Kaelyn Diamond, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
Law Office of Michael A. Ziegler, P.L.
Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p) (727) 538-4188
(f) (727) 362-4778
Attorney and Trial Counsel for Plaintiff

# EXHIBIT A

**From:** Eric Lee <eric@email.trueaccord.com>
**Sent:** Thursday, October 8, 2020 6:19 PM
**To:** Keneth Clark            @bellsouth.net>
**Subject:** Keneth, your account requires attention.

This is an important message
for Keneth Clark. If you are not
this person, please disregard
and delete it.

Email not displaying correctly?
Skip to our message.

# Keneth, we're here to help you

Your $909.88 balance with LVNV Funding LLC (current creditor of your original
Credit One Bank, N.A. account) is past due. You agreed to terms that indicate you
are liable to pay this balance.

You can start to resolve your balance today through our website.

Resolve My Balance

**This communication is from a debt collector. This is an attempt to collect a debt
and any information obtained will be used for that purpose.**

Please read below for important disclosures.

 

Copyright © 2020 TrueAccord

16011 College Blvd, Suite 130, Lenexa, KS 66219
1-866-611-2731
Office Hours: M-F, 8 AM - 8 PM ET

**Your TrueAccord account number is:**          **9194**

**Click here for more information about your balance**

Unsubscribe   Dispute this debt   Privacy Policy

Log in to your account

This was originally an account with Credit One Bank, N.A., account number ending in 2508

You can view your Gramm-Leach-Bliley Privacy Rights by visiting this url:
http://go.trueaccord.com/resurgent_glb

LVNV Funding LLC account number ending in: 8906.

**EXHIBIT B**

**From:** Eric Lee <eric@email.trueaccord.com>
**Sent:** Thursday, October 15, 2020 12:07 PM
**To:** Keneth Clark <          @bellsouth.net>
**Subject:** Don't forget about your LVNV Funding LLC (current creditor of your original Credit One Bank, N.A. account) balance

Let us work together.

This is an important message for Keneth Clark. If you are not this person, please disregard and delete it.

Email not displaying correctly? Skip to our message.

# Take care of your LVNV Funding LLC (current creditor of your original Credit One Bank, N.A. account) balance today.

We understand that debt can be stressful. Your $909.88 balance with LVNV Funding LLC (current creditor of your original Credit One Bank, N.A. account) may be one of the many things on your mind.

Work with us to set up a payment plan that works for you.

Sign up for a plan today and mark one thing on your list as done.

Sign up for a plan

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Please read below for important disclosures.

**TrueAccord**    

Copyright © 2020 TrueAccord

16011 College Blvd, Suite 130, Lenexa, KS 66219
1-866-611-2731
Office Hours: M-F, 8 AM - 8 PM ET

**Your TrueAccord account number is:**          **9194**

**Click here for more information about your balance**

Unsubscribe   Dispute this debt   Privacy Policy

Log in to your account

This was originally an account with Credit One Bank, N.A., account number ending in 2508

You can view your Gramm-Leach-Bliley Privacy Rights by visiting this url: http://go.trueaccord.com/resurgent_glb

LVNV Funding LLC account number ending in: 8906.

# EXHIBIT C

From: Eric Lee
To: Keneth Clark
Subject: Info on your LVNV Funding LLC (current creditor of your original Credit One Bank, N.A. account) balance
Date: Sunday, October 18, 2020 3:01:02 PM

Let's work on this together

This is an important message for Keneth Clark. If you are not this person, please disregard and delete it.
Email not displaying correctly? Skip to our message.

Your LVNV Funding LLC (current creditor of your original Credit One Bank, N.A. account) balance needs attention.

We understand that things can come up and to-do lists can feel overwhelming.

Start paying off your $909.88 balance with LVNV Funding LLC (current creditor of your original Credit One Bank, N.A. account) by signing up for one of our customized payment plans.

Mark one thing off your list, today.

Get started now

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Please read below for important disclosures.

Copyright © 2020 TrueAccord

16011 College Blvd. Suite 130, Lenexa,
KS 66219
1-866-611-2731
Office Hours: M-F, 8 AM - 8 PM ET

Your TrueAccord account number is: 47-07-9727-39194

Click here for more information about your balance

Unsubscribe   Dispute this debt   Privacy Policy

Log in to your account

This was originally an account with Credit One Bank, N.A., account number ending in 2508

You can view your Gramm-Leach-Bliley Privacy Rights by visiting this url:
http://go.trueaccord.com/resurgent_glb

# EXHIBIT D

**From:** Anil Patil <anil@hello.trueaccord.com>
**Sent:** Tuesday, October 20, 2020 11:48 AM
**To:** Anne Clark <              @bellsouth.net>
**Subject:** Attn: your balance with LVNV Funding LLC (current creditor of your original Credit One Bank, N.A. account)

What better time than now?

**This is an important message for Anne Clark. If you are not this person, please disregard and delete it.**
Email not displaying correctly? Skip to our message.

TrueAccord account number:                5740

Let's start today.

Today is a good day to pay off your outstanding balance with LVNV Funding LLC (current creditor of your original Credit One Bank, N.A. account).

Put us at ease and take charge of this debt.

It's time to pay

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Please read below for important disclosures.



Copyright © 2020 TrueAccord

16011 College Blvd, Suite 130, Lenexa, KS 66219
1-866-611-2731
Office Hours: M-F, 8 AM - 8 PM ET

Your TrueAccord account number is:          5740

**Click here for more information about your balance**

Unsubscribe   Dispute this debt   Privacy Policy

Log in to your account

---

This was originally an account with Credit One Bank, N.A., account number ending in 3175

You can view your Gramm-Leach-Bliley Privacy Rights by visiting this url: http://go.trueaccord.com/resurgent_glb

LVNV Funding LLC account number ending in: 8907.